ORIGINAL

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN STARK,<br>4812 Trinity Place<br>Philadelphia, PA 19143<br><br>      Plaintiff,<br><br>      vs.<br><br>UNITED STATES,<br><br>Serve:  Michael Mukasey<br>Attorney General of the U.S.<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>Also Serve:  Jeffrey Taylor<br>U.S. Attorney for the District of Columbia<br>555 4th Street, NW<br>Washington, DC 20530<br><br>      Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Susan Stark, for her complaint, alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for negligence and *respondeat superior* arising from injuries sustained by plaintiff when she was struck by a U.S. Secret Service SUV driven by Agent Kyle Norton on a pedestrian crosswalk in the District of Columbia.

### JURISDICTION AND VENUE

2.     This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346.

3.     The Court possesses jurisdiction to entertain plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(2) and (e)(3) because the acts and omissions giving rise to this suit occurred in the District of Columbia where the collision took place, and Agent Kyle Norton was acting within the scope of his employment with the U.S. Secret Service, an agency headquartered in the District of Columbia, at the time of the incident.

## THE PARTIES

5.     Plaintiff Susan Stark is a citizen of Philadelphia, residing at 421 South 47th Street, Philadelphia, PA 19143.  Until September 2007, Ms. Stark was a resident of Washington, DC residing at 649 A Street, SE, Washington, DC 20003.

6.     The U.S. Secret Service operates as an agency of the United States with its headquarters located at 950 H Street, NW, Suite 8300, Washington, DC 20322.

7.     Agent Kyle Norton was the driver of the vehicle at the time of the collision.  He maintains his business address at 950 H Street, NW, Suite 8300, Washington, DC 20322.

8.     At all relevant times, Kyle Norton, the driver of the Secret Service SUV, was an employee and agent of the U.S. Secret Service and the United States, constituting a principal-agent relationship for *respondeat superior* purposes.

## FACTUAL ALLEGATIONS

9.     On February 13, 2007, at approximately 6:45 a.m., Plaintiff was walking on the crosswalk from the corner of 17th Street and Pennsylvania Avenue toward the Executive Office Building on her way to work when she was struck by an SUV driven by Agent Kyle Norton of the U.S. Secret Service.  The pedestrian light was green when plaintiff stepped onto the crosswalk, and she had the right of way throughout her passage on the crosswalk.  Despite having the right of way and walking on the crosswalk, plaintiff was struck by an SUV driven by

Agent Kyle Norton when plaintiff was three quarters of the way across 17th Street next to the Executive Office Building in the Northbound lane. At all relevant times, Agent Kyle Norton was operating the SUV owned by the United States with the express permission and consent of the United States, as an agent, employee, or servant of the United States, acting within the scope of his employment.

10.    Upon being struck on the crosswalk, Plaintiff was thrown several feet passed the crosswalk and landed in front of the Executive Office Building in the Northbound lane.

11.    Due to the speed at which Defendant's SUV struck her body, plaintiff fractured her right leg and knee, suffered lacerations on her left leg, head injuries requiring sutures on her forehead, neck injuries, neurological injuries, a massive bump on her right forehead, inflation beneath her eye, and visible scars on her forehead, face and legs. Plaintiff's injuries are severe and permanent, and they have rendered her partially crippled.

12.    Prior to this incident, plaintiff was in good health and had no leg, head, or neurological injuries. At the time of this accident, plaintiff was 47-years-old.

13.    The United States, through its employee Kyle Norton, knew or should have known that driving in a reckless manner would foreseeably cause serious injuries to pedestrians walking on a crosswalk at a busy intersection; that the District of Columbia Municipal Traffic Regulations give the right of way to pedestrians who enter a crosswalk when their light is green; that speeding at a busy intersection would foreseeably result in collisions with pedestrians and other vehicles; that talking on a radio/intercom/cellular telephone while driving would foreseeably result in accidents; and that colliding into a pedestrian with an SUV at a high speed would foreseeably result in permanent and debilitating injuries.

14.    On the basis of information and belief, Agent Kyle Norton and other employees of Defendant directed all pedestrian and non-law enforcement witnesses to leave the scene of the accident after the collision.  Defendant's failure to obtain the name and contact information of several non-law enforcement witnesses who saw the accident, Defendant's insistence that these witnesses leave the scene of the accident before they could be interviewed, Defendant's failure to take photographs of Plaintiff after the collision, Defendant's failure to preserve surveillance tapes for the surveillance cameras in front of the Executive Office Building on the day of the incident, and Defendant's failure to have Agent Kyle Norton submit to a blood alcohol test were part of a scheme to cover-up Defendant's negligent collision onto plaintiff on the crosswalk and/or constituted spoliation of the evidence in this case. *See* Exs. E & F.

15.    When the ambulatory crew members arrived, they found plaintiff's body lying on the street several feet past the crosswalk in the Northbound lane of 17th Street on the side of the Executive Office Building.  The ambulatory crew members observed that employees of the U.S. Secret Service were holding plaintiff's head.

16.    Plaintiff was subsequently transferred via ambulance to the Emergency Department at George Washington University Hospital where she underwent surgery.  Plaintiff was diagnosed with having a "significantly comminuted distal femur fracture," fracture of the right "proximal fibula," right knee injuries and head injuries.  The fracture in plaintiff's right leg was described as "impossible to fix . . . anatomically," requiring insertion of metal rods and screws in plaintiff's right leg and knee during the surgery.   The metal rods will remain in plaintiff's leg permanently to maintain alignment.  Plaintiff also received several sutures on her forehead as a result of her head injury.

17.    Following the surgery, plaintiff was forced to wear a cast for several months and relied on crutches to move around. Plaintiff subsequently had to use a cane to walk. Plaintiff was unable to resume her work as a school teacher for several months as a result of the injury.

18.    Plaintiff will require additional surgeries to treat her injuries. These include a surgery to remove the painful screws from plaintiff's right knee, a surgery to remove the scar that is causing numbness on plaintiff's forehead, and additional orthopedic surgeries.

19.    As a direct result of being struck by Defendant's SUV driven by Kyle Norton, Plaintiff sustained a **42% permanent disability to her lower extremity**, essentially rendering her half-crippled for the remainder of her life. Since the date of the incident, plaintiff has being suffering from continual pain in her right leg and knee. Plaintiff also sustained a cerebral concussion upon impact, resulting in permanent neurological injuries. Plaintiff's neurological injuries include short-term memory loss, recurring painful headaches, impaired cognitive thinking, blackouts, dizzy spells and other brain injuries. In addition, plaintiff sustained visible and permanent scars on her forehead, face and body. Plaintiff's eye was significantly swollen after the collision. Plaintiff has sustained other injuries as a result of the incident.

20.    As a direct result of her injuries, plaintiff has suffered and will continue to suffer significant economic damages including past medical expenses, necessary future medical expenses, lost wages and substantial loss of future earning potential. The injuries sustained by plaintiff have made it difficult for her to continue working as a school teacher, and the severe pain plaintiff suffers in her leg and knee coupled with her neurological injuries will invariably result in her inability to work as a school teacher for as long as she had intended to in the future.

21.    At all relevant times, plaintiff was legally on the pedestrian crosswalk and had the right of way when Defendant's vehicle collided into her. Shortly after the accident, a witness

informed the manager of Potbelly Sandwich Works at 1701 Pennsylvania Avenue that "a pedestrian just got hit by a car on the crosswalk." *See* Ex. G.

## COUNT ONE
### (Negligence)

22.    Plaintiff repeats and re-alleges all previous allegations as if set forth herein.

23.    At all relevant times, Defendant and its employee Agent Kyle Norton owed a duty of care to plaintiff to exercise such degree of care required by a reasonable driver in order to avoid colliding into plaintiff on a crosswalk and injuring her through negligent acts and omissions.

24.    The United States, through its employee Kyle Norton, breached its duty of care to plaintiff when Agent Norton negligently:

(a)  Failed to maintain a proper lookout, failed to pay full time and attention, failed to maintain control of Defendant's vehicle, and failed to operate Defendant's vehicle so as to avoid a collision with plaintiff on the crosswalk;

(b)  Failed to give the right of way to plaintiff when she was properly on the crosswalk in violation of DC Municipal Traffic Regulations;

(c)  Drove in excess of the speed limit at a busy intersection;

(d)  Spoke on his cellular telephone, radio dispatch, and/or earpiece used by agents of the U.S. Secret Service to communicate and negligently engaged in multi-tasking when he was driving;

(e)  Failed to obey the rules and regulations of the District of Columbia then in full force and effect;

(f)  Failed to ensure that plaintiff would not be injured through his acts and omissions;

(g)  Agent Kyle Norton may have run a red light;

(h)  Failed to activate his siren if he were driving in an emergency;

(i) Agent Kyle Norton was negligent in other ways.

25.    As a result of Defendant's negligence through the acts and omissions of its employee Kyle Norton, plaintiff suffered permanent disability, disfigurement, conscious pain and suffering, medical expenses, transportation expenses, lost wages, and loss of future earning potential as more fully described in paragraphs 16-20 above.

26.    The injuries suffered by Plaintiff described in paragraphs 16-20 above were proximately caused by Defendant's failure to exercise the requisite degree of care described above.

27.    At all relevant times, Agent Kyle Norton was an employee or agent of the U.S. Secret Service acting within the scope of his employment or agency with the United States.  Pursuant to the Federal Tort Claims Act, the United States has *respondeat superior* liability for the negligent acts and omissions of its employee or agent, Kyle Norton.

28.    The United States is thus liable to Plaintiff for the damages she suffered as a result of the injuries described in paragraphs 16-20 above.

29.    On April 30, 2007, Plaintiff submitted her Administrative Claim for personal injury to Special Agent Laurinda Lotts of the U.S. Secret Service.  *See* Ex. A (administrative claim, Secret Service File No. 115-809-83237-S); Ex. B (certified mail return receipt).  On October 15, 2007, Plaintiff submitted a supplement to her Administrative Claim.  *See* Ex. C (supplement to administrative claim); Ex. D (certified mail return receipt).  The U.S. Secret Service denied plaintiff's administrative claim and supplement thereto on November 2, 2007.  See Ex. H.

30.    Plaintiff timely filed her suit before this Honorable Court on January 11, 2008, within six months after the U.S. Secret Service denied her administrative claim by letter dated November 2, 2007.  All administrative prerequisites for filing this action have been satisfied by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against the United States as follows:

(a) Judgment in favor of Plaintiff and against Defendant for the above Count;

(b) Awarding Plaintiff damages in the amount of $2,600,000 for the above Count;

(c) Awarding Plaintiff reasonable attorney's fees and costs, including expert witness fees, for

prosecuting this action;

(d) Prejudgment and post-judgment interest for this action; and

(e) Awarding Plaintiff such other and further relief as the Court may deem just and proper.


Dated: January 11, 2008

Stefan Shaibani (D.C. Bar No. 490024)
LITIGATION ASSOCIATES, PLLC
1150 Connecticut Avenue, NW, Suite 900
Washington, DC 20036
Tel: 202-862-4335
Fax: 202-828-4130
*Counsel for Plaintiff Susan Stark*

| CLAIM FOR DAMAGE,<br>INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED<br>OMB NO.<br>1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>United States Secret Service<br><br>Ref. File # 115-809-83237-S<br><br>ATTN: SA Laurinda Lotts | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Claimant: Susan Stark<br>649 A Street, SE, Washington, DC 20003<br>Attorney for Claimant: Stefan Shaibani, Litigation Associates, PLLC<br>1150 Connecticut Avenue, NW, Suite 900, Washington, DC 20036 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒CIVILIAN | 4. DATE OF BIRTH<br>8/6/1959 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>Tuesday February 13, 2007 | 7. TIME (A.M. OR P.M.)<br>6:30 AM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On February 13, 2007, at approximately 6:30AM, Susan Stark was crossing 17th Street, NW toward the Executive Office Building intersecting Pennsylvania Avenue in DC when she was struck by a U.S. Secret Service SUV driven by Kyle C. Norton. Ms. Stark was walking on the pedestrian cross-walk when her light was green, and she was 3/4 of the way across the street when Mr. Norton drove his SUV onto her at such speed causing her to fly 10-15 feet. Mr. Norton failed to give right of way to Ms. Stark in contravention of DC Municipal Traffic Regulations. Mr. Norton owed a duty of care to Ms. Stark to ensure that he would not drive his car in such a reckless manner as to cause serious injuries to a pedestrian walking on a cross-walk at a busy intersection. Mr. Norton breached his duty of care to Ms. Stark when he ran her over with his SUV. Mr. Norton was negligent and proximately caused Ms. Stark's injuries. The U.S. Secret Service and the United States have respondeat superior liability for Mr. Norton's acts and omissions which were done within the course of his government employment.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
(See Instructions on reverse side.)
None

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

As a result of Kyle Norton's negligence, Susan Stark sustained severe personal injuries to her legs and head and was taken to GWU Hospital via ambulance where she underwent surgery. Ms. Stark's injuries include but are not limited to permanent disability from leg and head injuries, visible scars on face and body, cognitive injuries, and psychiatric injuries. To this day, Ms. Stark has sustained substantial medical expenses and lost wages and is likely to require a life-care plan for medical needs and incur future lost wages. Ms. Stark's damages include but are not limited to disability, personal injuries, special damages, economic damages, and emotional distress / psychiatric damages.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Miller, D<br>Nelson, D<br><br>Additional witnesses will be identified during discovery | DC Fire & Emergency Medical Services Department<br>DC Fire & Emergency Medical Services Department | |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>None | 12b. PERSONAL INJURY<br>$2,600,000 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$2,600,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Susan Stark*<br>CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | 13b. Phone number of person signing form<br>202-546-8513 | 14. DATE OF SIGNATURE<br>April 24, 2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

PLAINTIFF'S EXHIBIT
Ex. A
1-STATE LEGAL®

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

Claimant was a pedestrian.

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

No claim has been filed with carrier.

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95   BACK

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 2.55 | |
| Certified Fee | 4.64 | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | 04-30-07 |
| Total Postage & Fees | $ 7.19 | |

7006 2150 0000 7435 6554

Sent To _Laurinda Lotts (Special Agent - U.S. Secret Service_
Street, Apt. No.; or PO Box No. _P.O. Box 6500_
City, State, ZIP+4 _Springfield, VA 22150_

PS Form 3800, August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attn: Special Agent Laurinda Lotts
U.S. Secret Service
Communications Center / WFO
P.O. Box 6500
Springfield, VA 22150

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Phillip___           ☐ Agent
                        ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
_Phillip Lunat_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

SPRINGFIELD   MAY 2 2007   22150

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)   7006 2150 0000 7435 6554

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

PLAINTIFF'S EXHIBIT

Ex. B

ALL-STATE LEGAL®

# LITIGATION ASSOCIATES, PLLC

1150 CONNECTICUT AVENUE, NW, SUITE 900, WASHINGTON, DC 20036
TELEPHONE: 202-862-4335
FAX: 202-828-4130

STEFAN SHAIBANI
(ADMITTED IN DC & CA)

ANTHONY FATEMI
OF COUNSEL
(ADMITTED IN MD)

**By Certified Mail, Return Receipt Requested**          October 15, 2007
U.S. Secret Service
Communications Center / WFO
ATTN: Special Agent Laurinda Lotts
P.O. Box 6500
Springfield, VA 22150
Tel: 202-406-8210
Fax: 202-406-8703

Re:     Supplement to Administrative Claim For Personal Injury By Susan Stark
        U.S. Secret Service File No. 115-809-83237-S

Dear Ms. Lotts:

We represent Susan Stark in connection with personal injuries she sustained as a result of the pedestrian accident dated February 13, 2007. We previously submitted an administrative claim on behalf of Ms. Stark on April 30, 2007. To this day, we have not heard from you despite our administrative claim and follow-up telephone calls. This is to supplement the administrative claim dated April 30, 2007. The amount of the claim is $2.6 million.

Ms. Stark requires a second surgery to remove the screws from her knee. We were recently informed that Ms. Stark has sustained, at a minimum, a 42% permanent disability to her lower extremity as a result of the February 13, 2007 accident. We previously described Ms. Stark's leg and head injuries. However, we would like to further delineate Ms. Stark's head injuries by way of this supplement.

As a direct result of the February 13, 2007 accident, Ms. Stark sustained a cerebral concussion upon impact, resulting in permanent neurological injuries. These include short-term memory loss, recurring headaches, difficulties with cognitive functioning, dizzy spells, and other brain injuries. The neurological and leg injuries sustained by Ms. Stark have made it difficult for her to work as a school teacher, resulting in substantial economic damages for lost wages and loss of future earning potential.

We hope this supplement will assist the U.S. Secret Service in rendering its decision concerning Ms. Stark's administrative claim. If we do not hear from you by



PLAINTIFF'S
EXHIBIT

Ex. C

STATE LEGAL®

October 30, 2007, we will be compelled to commence suit at the U.S. District Court for DC, wherein we will seek $2.6 million of damages.

Should you wish to discuss this matter, I can be reached at 202-862-4335.

Very truly yours,

Stefan Shaibani

**Cc: Susan Stark**



**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | 0.41 |
| Certified Fee | | 2.85 |
| Return Receipt Fee (Endorsement Required) | | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.21 | |

Postmark Here   10/15/07

Sent To _Laurinda Lotts; U.S. Secret Service_
Street, Apt. No.; or PO Box No. _Communications Center, P.O. Box 65?_
City, State, ZIP+4 _Springfield, VA  22150_

PS Form 3800, August 2006            See Reverse for Instructions

2007 1490 0001 3494 3072

ALL-STATE LEGAL®
**PLAINTIFF'S EXHIBIT**
Ex. D

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Moan Clifford_   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
_Marlon Clifton_   10/16/07

1. Article Addressed to:

U.S. Secret Service
Communications Center/WFO
Attn: Special Agent Lawinda
                          Lotts
P.O. Box 6500
Springfield, VA 22150

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

SPRINGFIELD
OCT 16 2007
22150

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7007 1490 0001 3945 3072

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Stefan Shaibani                                        APR 20 2007
Litigation Associate, PLLC
Connecticut Building, Ninth Floor
1150 Connecticut Avenue, NW
Washington, DC 20036

File Number:  20070225

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy
Acts request received by the United States Secret Service on March 30, 2007, for information
pertaining to accident involving Susan Stark which occurred on February 13, 2007.

With regard to your request to have access to your file, we regret to inform you that we cannot
comply.  Under provisions of the Freedom of Information Act, there are no records or documents
available to you at this time.

Pursuant to 5 U.S.C. 552(b)(7)(A), your file is being exempted since disclosure could reasonably be
expected to interfere with enforcement proceedings.  The citation of the above exemption is not to
be construed as the only exemption which may be available under the Freedom of Information Act.

If you disagree with our determination, you have the right of administrative appeal within 35 days
by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray
Drive, Building 410, Washington, DC 20223.

Please use the file number indicated above in all future correspondence with this office.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer



**PLAINTIFF'S EXHIBIT**

Ex. E



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**METROPOLITAN POLICE DEPARTMENT**

MAY 1 0 2007

Stefan Shaibani
1150 Conn. Ave., N.W.
Washington, D.C. 20036

FOIA # 212-07

Dear Mr. Shaibani

This is to inform you that in accordance with the provisions of the Freedom of Information Act, your request for information has been considered and denied. There are no automated cameras located at the intersection of 17th and Pennsylvania N.W.; however, the Metropolitan Police Department does have a close circuit camera within the vicinity of the intersection, which was not operable on February 13, 2007.

You may appeal this decision to the Mayor of the District of Columbia pursuant to Section 1-1527 of the D.C. Code. Prior to such action, however, we urge you to submit an administrative appeal to the Chief of Police. Your appeal should be addressed in writing to the Chief of Police, c/o Office of the General Counsel, Room 4125, 300 Indiana Avenue, N.W., Washington, D.C., 20001. Both the envelope and the letter should be clearly marked "FOIA APPEAL."

All appeals shall be acted upon within ten days of receipt (excluding Saturdays, Sundays and legal holidays). Should you file an administrative appeal with the Chief of Police, it will not preclude you from pursuing an appeal to the Mayor or, thereafter, from filing a civil suit in the D.C. Superior Court, if the Chief's decision is adverse.

Sincerely,

Patrick Burke
Commander
Special Operations Division

PLAINTIFF'S
EXHIBIT

Ex. F

ALL-STATE LEGAL®

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SUSAN STARK,                          )
                                      )
    Plaintiff,             )
                                      )
    vs.                    )  Civil Action No. _____
                                      )
THE UNITED STATES,                    )
                                      )
    Defendant.             )
                                      )

## <u>AFFIDAVIT OF THOMAS TUTTLE</u>

I, Thomas Tuttle, affirm as follows:

1.    I am the General Manager of Potbelly Sandwich Works located at 1701 Pennsylvania Avenue, NW, Washington, DC 20006.

2.    On the morning of February 13, 2007, I arrived at Potbelly between 5:30-6:00 a.m. to open the restaurant, which is the approximate time I usually arrive to work every day.

3.    Between 6:30-7:00 a.m., I noticed a tremendous amount of commotion on 17th Street in front of the Executive Office Building, directly across the street from Potbelly.

4.    I saw numerous police cars, an ambulance, and several paramedics surrounding the area that had been closed off.

5.    At approximately 6:50 a.m., a customer walked in to Potbelly and informed me that "a pedestrian just got hit by a car on the crosswalk" across Potbelly on 17th Street.

6.    Because I was busy taking care of matters at Potbelly, I did not go outside the restaurant.

7.    However, I recall that the police cleared everything up rather quickly and within approximately twenty minutes, all the commotion had dispersed, the ambulance left the premises, and the police cars vacated the area.

**PLAINTIFF'S EXHIBIT**

Ex. 6

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  August 29, 2007

Tom Tuttle
Washington, DC

District of Columbia: SS

Subscribed and sworn to before me, in my presence, this 29th day of August , 2007

_____ Douglas M. Stringer
Notary Public, D.C.

My commission expires_____

DOUGLAS M. STRINGER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 31, 2011



U.S. Department of Homeland Security
# UNITED STATES SECRET SERVICE

NOV 0 2 2007

**REGISTERED MAIL**

Stefan Shaibani, Esq.
Litigation Associates, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036

      Re:    Motor Vehicle Accident on February 13, 2007
             Your Client: Susan Stark
             Our File Number: 115-809-83237-S

Dear Mr. Shaibani:

      This office is in receipt of your October 15, 2007 letter and April 30, 2007 letter and attachments addressed to United States Secret Service (Secret Service) Special Agent Laurinda Lotts in connection with a claim for damages allegedly sustained in a motor vehicle-pedestrian accident on February 13, 2007, in Washington, D.C.

      Please note, under the provisions of Title 28, United States Code, Sections 2672 and 2674, the United States is liable for damages caused by negligent or wrongful acts or omissions of an employee acting within the scope of his or her employment under circumstances where the United States, if a private person, would be liable.

      Our investigation revealed no negligence or wrongful act or omission of an employee of the Secret Service; therefore, the Secret Service must deny your claim. As our investigation revealed and as indicated on the Traffic Accident Report, the accident took place north of the intersection of Pennsylvania Avenue and 17th Streets N.W., rather than at the intersection. Ms. Stark stepped out in front of the Secret Service vehicle from between two parked vehicles. The Secret Service driver was northbound on 17th Street, and as Ms. Stark stepped out, she was looking northbound in the process of drinking what appeared to be coffee. Please be advised that

PLAINTIFF'S
EXHIBIT

H

ALL-STATE LEGAL®

if your client is dissatisfied with this denial letter, you may institute suit in the appropriate federal District Court under the Federal Tort Claims Act no later than six months from the date of this letter.

Sincerely,

Brian K. Nagel
Deputy Director

**RA 571 441 910 US**

2

ORIGINAL

**I (a) PLAINTIFFS**

SUSAN STARK

88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

UNITED STATES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stefan Shaibani, Litigation Associates, PLLC
1150 Connecticut Ave, NW, Suite 900, Wash DC 20036

Case: 1:08-cv-00058
Assigned To : Collyer, Rosemary M.
Assign. Date : 1/14/2008
Description: PI/Malpractice

**II. BASIS OF JURISDICTION**
(PLACE an x IN ONE BOX ONLY)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☒ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties
      in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A.** *Antitrust*

☐ 410 Antitrust

☒ **B.** *Personal Injury/*
*Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency*
*Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
      Administrative Agency is Involved)

☐ **D.** *Temporary Restraining*
*Order/Preliminary*
*Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

☐ **E.** *General Civil (Other)* OR ☐ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
      defendant
☐ 871 IRS-Third Party 26
      USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
      Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
      Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
      Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
      Exchange
☐ 875 Customer Challenge 12 USC
      3410
☐ 900 Appeal of fee determination
      under equal access to Justice
☐ 950 Constitutionality of State
      Statutes
☐ 890 Other Statutory Actions (if not
      administrative agency review or
      Privacy Act

| □ G. *Habeas Corpus/2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ⊠ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Federal Tort Claims Act, 28 U.S.C. 1346

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23 | **DEMAND $** $2,600,000 | Check YES only if demanded in complaint<br>**JURY DEMAND:** □ YES ⊠ NO |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | ⊠ YES □ NO | If yes, please complete related case form. |
|---|---|---|---|

DATE January 11, 2008    **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.