UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SUSAN STARK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 08-0058 (RMC)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant the United States ("Defendant" or "United States") hereby answers the Complaint filed by Susan Stark ("Plaintiff") as follows:

### FIRST DEFENSE

Plaintiff's recovery in this action, if any, is limited to the amount of the claim that Plaintiff presented administratively pursuant to 28 U.S.C. § 2675(b).

### SECOND DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

### THIRD DEFENSE

Any injuries or damages sustained by Plaintiff were sustained without any negligence or fault or want of due care on the part of Defendant.

### FOURTH DEFENSE

Any injuries or damages sustained by Plaintiff were due in whole or in part to the negligence or other acts of others, known or unknown, over whom Defendant exercised no control.

## FIFTH DEFENSE

The negligence and/or culpable conduct of Plaintiff contributed to causing Plaintiff's alleged injuries, barring her from recovery.

## SIXTH DEFENSE

Plaintiff is barred from recovery due to her assumption of risk.

## SEVENTH DEFENSE

Plaintiff may not recover costs in excess of those permitted by 28 U.S.C. § 2412 and, to the extent attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. § 2678.

## EIGHTH DEFENSE

The United States is not liable for interest prior to judgment or for punitive or special damages pursuant to 28 U.S.C. § 2674.

## NINTH DEFENSE

To the extent that the common or statutory law of the District of Columbia limits damages or limits the Defendant's liability or Plaintiff's cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## TENTH DEFENSE

To the extent Plaintiff is entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by Plaintiff to the extent allowed under federal and/or state common and/or statutory law.

**ELEVENTH DEFENSE**

Plaintiff's recovery, if any, must be reduced in the amount of any payment that was or will, with reasonable certainty, be paid to Plaintiff from any collateral source in connection with the losses or injuries alleged in this action.

**TWELFTH DEFENSE**

Plaintiff has failed to serve the Agency as required by Fed. R. Civ. P. 4(i).

**THIRTEENTH DEFENSE**

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted, it is denied.  Moreover, in certain allegations the Complaint refers to or quotes from certain documents, some of which are attached to the Complaint.  Although, in response, Defendant may refer to such documents for their accurate and complete contents, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited document: (a) is correctly cited or quoted by Plaintiff; (b) is relevant to this, or any other, action; or (c) is admissible in this, or any other, action.  Defendant answers as follows:

**NATURE OF THE ACTION**[1]

1.   In response to Paragraph 1, Defendant admits that an official government vehicle operated by United States Secret Service ("USSS" or "Agency") Agent Kyle Norton struck Plaintiff in the District of Columbia on or about February 13, 2007.  The remaining allegations set forth in Paragraph 1 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies such remaining allegations.  Defendant

---

[1]   Merely for reference, Defendant replicates the headings contained in the Complaint herein.  Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, Defendant denies the allegations contained in such headings.

specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff, and expressly denies that Plaintiff was in a pedestrian crosswalk when the alleged accident occurred.

## JURISDICTION AND VENUE

2.  The allegations set forth in Paragraph 2 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

3.  The allegations set forth in Paragraph 3 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

4.  In response to Paragraph 4, Defendant admits that the alleged collision took place in the District of Columbia.  The remaining allegations set forth in Paragraph 4 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies such remaining allegations, except admits that venue is proper in this Court.

## THE PARTIES

5.  Defendant is without sufficient information and belief to admit or deny the allegations set forth in Paragraph 5 and, therefore, denies the same.

6.  Defendant admits the allegations contained in Paragraph 6, except denies that Plaintiff has correctly set forth the address for the Agency's headquarters.  Defendant avers that the Agency's headquarters is located at 950 H Street, NW, Washington, DC 20223.

7.  Defendant admits the allegations contained in Paragraph 7, except denies that Plaintiff has correctly set forth Agent Kyle Norton's business address.  Defendant also

specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff.

8. In response to Paragraph 8, Defendant admits that Agent Kyle Norton operated the official government vehicle that struck Plaintiff, and that Agent Norton is an employee of the Agency. The remaining allegations set forth in Paragraph 8 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies such remaining allegations. Defendant specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff.

## FACTUAL ALLEGATIONS

9. In response to Paragraph 9, Defendant admits that an official government vehicle operated by USSS Agent Kyle Norton in the District of Columbia struck Plaintiff on or about February 13, 2007. Defendant further admits that at all relevant times, Agent Norton was operating the official government vehicle in his role as an employee of the Agency. Defendant denies the remaining allegations contained in the first, second, and third sentences of Paragraph 9. The remaining allegations set forth in the fourth sentence of Paragraph 9 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies such remaining allegations. Defendant specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff, and expressly denies that Plaintiff was in a pedestrian crosswalk when the alleged accident occurred.

10. In response to Paragraph 10, Defendant admits that Plaintiff traveled a few feet after being struck by the official government vehicle operated by Agent Norton and came to rest in the northbound lanes of 17th Street, which lie in front of the New Executive Office Building.

Defendant denies the remaining allegations contained in Paragraph 10, and expressly denies that Plaintiff was in a pedestrian crosswalk when the alleged accident occurred.

11.   Defendant is without sufficient information and belief to admit or deny the allegations set forth in the first sentence of Paragraph 11 and, therefore, denies the same. The allegations set forth in the second sentence of Paragraph 11 are conclusions of law or characterizations of fact to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

12.   Defendant is without sufficient information and belief to admit or deny the allegations set forth in Paragraph 12 and, therefore, denies the same.

13.   The allegations set forth in Paragraph 13 are conclusions of law or characterizations of fact to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations, and expressly denies that Plaintiff was in a pedestrian crosswalk when the alleged accident occurred.

14.   Defendant denies the allegations contained in Paragraph 14.  Defendant specifically denies that it or any of its agents engaged in any "scheme to cover-up" or acted in a matter that caused the spoliation of any evidence concerning the alleged traffic accident with Plaintiff, and expressly denies that Plaintiff was in a pedestrian crosswalk when the alleged accident occurred.

15.   In response to Paragraph 15, Defendant admits that after Plaintiff was struck by the official government vehicle operated by Agent Norton, she came to rest in the northbound lanes of 17th Street, which lie in front of the New Executive Office Building.  Defendant further admits that before the D.C. Fire Department arrived on the scene, USSS Uniformed Division officers began to treat Plaintiff's injuries.  Defendant denies that Plaintiff was in a pedestrian

crosswalk at the time of the alleged accident. Defendant is without sufficient information and belief to admit or deny the remaining allegations set forth in Paragraph 15 and, therefore, denies the same.

16. In response to Paragraph 16, Defendant admits that after the alleged accident Plaintiff was transported by ambulance to George Washington University Hospital. Defendant is without sufficient information and belief to admit or deny the remaining allegations set forth in Paragraph 16 and, therefore, denies the same. Additionally, to the extent Plaintiff quotes or draws its allegations from certain uncited documents, Defendant refers to such documents for a complete and accurate statement of their contents.

17. Defendant is without sufficient information and belief to admit or deny the allegations set forth in Paragraph 17 and, therefore, denies the same.

18. Defendant is without sufficient information and belief to admit or deny the allegations set forth in Paragraph 18 and, therefore, denies the same.

19. Defendant is without sufficient information and belief to admit or deny the allegations set forth in Paragraph 19 and, therefore, denies the same. Moreover, Defendant specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff.

20. To the extent that the allegations set forth in Paragraph 20 are conclusions of law or characterizations of fact, no response is required. To the extent a response is deemed required, Defendant is without sufficient information and belief to admit or deny the allegations set forth in Paragraph 20 and, therefore, denies the same.

21. In response to Paragraph 21, Defendant denies that Plaintiff was in a pedestrian crosswalk at the time of the alleged accident. The remaining allegations set forth in the first

sentence of Paragraph 21 are conclusions of law or characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant denies such allegations. As to the allegations contained in the second sentence of Paragraph 21, Defendant is without sufficient information and belief to admit or deny such allegations and, therefore, denies the same.

## COUNT ONE
### (Negligence)

22. In response to Paragraph 22, the Agency incorporates by reference its responses to all previous allegations as if set forth herein.

23. The allegations set forth in Paragraph 23 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies such allegations, and expressly denies that Plaintiff was in a pedestrian crosswalk when the alleged accident occurred.

24. The allegations set forth in Paragraph 24 and its subparts are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies all such allegations. Defendant specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff, and expressly denies that Plaintiff was in a pedestrian crosswalk when the alleged accident occurred.

25. The allegations set forth in Paragraph 25 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff; and is without sufficient information and belief to admit or deny the remaining allegations set forth in Paragraph 25 and, therefore, denies the same. As to Plaintiff's reference

to allegations contained in Paragraphs 16 to 20, Defendant refers to its responses to Paragraphs 16 to 20 above.

26.   The allegations set forth in Paragraph 26 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies such allegations. As to Plaintiff's reference to allegations contained in Paragraphs 16 to 20, Defendant refers to its responses to Paragraphs 16 to 20 above. Defendant specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff.

27.   In response to Paragraph 27, Defendant admits that Agent Norton was operating the official government vehicle in his role as an employee of the Agency. The remaining allegations set forth in Paragraph 27 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies such remaining allegations. Defendant specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff.

28.   The allegations set forth in Paragraph 28 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies such allegations. As to Plaintiff's reference to allegations contained in Paragraphs 16 to 20, Defendant refers to its responses to Paragraphs 16 to 20 above. Defendant specifically denies that it is liable to Plaintiff for her alleged injuries.

29.   In response to Paragraph 29, Defendant admits that the Agency received a letter from Plaintiff's attorney dated April 30, 2007, attaching a Standard Form 95 claim form and other documents. Defendant further admits that the Agency received a follow-up letter from Plaintiff's attorney dated October 15, 2007. Defendant denies the remaining allegations

contained in Paragraph 29. Defendant avers that it responded to the letters from Plaintiff's attorney by registered letter dated November 2, 2007.

30. The allegations set forth in Paragraph 30 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that the Agency denied Plaintiff's administrative claim by letter dated November 2, 2007, and denies the remaining allegations set forth in Paragraph 30.

## PRAYER FOR RELIEF

A. Paragraphs (a) through (e) contain Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraphs (a) through (e) and specifically denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages is subject to and limited by the aforementioned defenses. Defendant specifically denies that it or any of its agents were at fault or acted with negligence regarding the alleged traffic accident with Plaintiff.

* * *

Dated: March 18, 2008             Respectfully submitted,
       Washington, DC

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


           /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*