UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN STARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-0058 (RMC) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT LOCAL RULE 16.3 REPORT

The parties to the above action respectfully submit the following Joint Report to the Court, in accordance with Rule 16 of the Federal Rules of Civil Procedure and Local Civil Rule 16.3.

## I.    STATEMENT OF THE CASE.

A.    Plaintiff:    This is an action under the Federal Tort Claims Act.  On February 13, 2007, at approximately 6:45 a.m., Plaintiff was struck on a pedestrian cross-walk on 17th Street and Pennsylvania Avenue by an SUV driven by Agent Kyle Norton of the US Secret Service. Defendant has *respondeat superior* liability for Agent Norton's negligent acts and omissions.  At all relevant times, Plaintiff was in the pedestrian crosswalk and had the right of way.  Plaintiff contends that the accident occurred due to the sole negligence of Defendant.  As a result of the collision, plaintiff sustained partial permanent injuries, including fractures to her distal femur requiring surgical implant of metal rods and screws and serious neurological injuries.

B.    Defendant:  Although Defendant admits that a vehicle owned by the United States Secret Service ("Agency") and operated by Agent Norton in his role as an employee of the Agency struck Plaintiff on February 13, 2007, Defendant generally denies Plaintiff's remaining

allegations, and maintains that the actions taken by the Agency and its agents and employees with respect to Plaintiff were reasonable, and not in violation of the law. Indeed, Defendant believes that Plaintiff's actions solely caused or substantially contributed to the alleged accident. Further, Defendant refers the Court to, and incorporates by reference, the defenses set forth in its Answer. *See* Answer at 1-3.

## II.    MATTERS DISCUSSED BY THE PARTIES.

1.)    <u>Resolution By Dispositive Motion</u>:  Plaintiff contends that this case cannot be resolved on a dispositive motion due to obvious triable issues of fact. Defendant does not currently intend to file a motion to dismiss, but believes that this action might be resolved by dispositive motion at the conclusion of discovery.

2.)    <u>Amendment of Pleadings</u>:  The parties do not presently anticipate amending their pleadings. However, Plaintiff may seek leave to amend her Complaint based on information obtained through discovery.

3.)    <u>Assignment to a Magistrate Judge</u>:  The parties do not consent to assignment of this case to a Magistrate Judge at this time.

4.)    <u>Settlement Possibility</u>:  Plaintiff believes that settlement discussions could bring about a resolution of this case and is prepared to engage in them at any time defendant is amenable. Defendant stands willing to consider any good faith, reasonable settlement offers.

5.)    <u>ADR</u>:  Plaintiff believes that ADR might bring about a resolution of this case. Defendant stands willing to consider any good faith, reasonable settlement offers, but believes that ADR would not prove fruitful at this time.

6.)    <u>Resolution on Summary Judgment</u>:  Plaintiff submits that this case cannot be decided on summary judgment. Defendant believes that this case might be resolved on summary

judgment.  The parties propose that any motion for summary judgment shall be filed within 45 days after the close of discovery; that the responding party shall have 21 days to file an Opposition; and that 14 days shall be allowed for any Reply.

7.)    <u>Initial Disclosures</u>:  The parties agree to exchange the initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court within 30 days of the Court's issuance of a Scheduling Order after the upcoming Scheduling Conference.

8.)    <u>Extent of Discovery</u>:  The parties agree that discovery should run for seven (7) months, commencing upon the Court issuing a Scheduling Order in this case.  The parties propose that discovery be conducted pursuant to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure.

9.)    <u>Expert Witnesses</u>:  The parties anticipate that experts will be designated in this action.  The parties agree that Plaintiff shall make disclosures required by Rule 26(a)(2)(B) within 120 days of the Court issuing a Scheduling Order in this action; and that Defendant shall have sixty (60) days thereafter to make its Rule 26(a)(2)(B) disclosures.

10.)    <u>Class Action Issues</u>:  Not relevant.

11.)    <u>Bifurcation Of Liability And Damages</u>:  The parties do not anticipate a need to bifurcate this matter.

12.)    <u>Date for Pretrial Conference</u>:  Plaintiff requests that the Pretrial Conference be scheduled within 30-60 days from the close of discovery or the resolution of summary judgment motions, whichever occurs later.  Defendant submits that a status conference be scheduled after the close of discovery, and that the parties report whether they wish to proceed to ADR and/or begin summary judgment briefing.

13.) <u>Trial Date</u>:  Plaintiff requests that Trial be scheduled within 30-60 days from the date of the Pretrial Conference.  Defendant takes the position that a firm trial date should be set at the pretrial conference or at a status conference after any summary judgment motions are resolved.

14.) <u>Other Matters</u>:  Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality of, and to permit the discovery and disclosure of confidential information, including information covered by the Privacy Act, 5 U.S.C. Section 522a; the Health Insurance Portability and Accountability Act, 42 U.S.C. Section 1320d *et. seq.*; and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

15.) <u>Electronic Discovery</u>:  Plaintiff maintains that electronic discovery will be necessary in this case, particularly with respect to email communications and digitally stored surveillance footage taken by cameras located outside the Executive Office Building and the Traffic Camera at the intersection of the collision.  Defendant maintains that this case is unlikely to involve a substantial amount of discovery of electronically stored information.

16.) <u>Clawback Agreement</u>:  The parties believe that a clawback agreement and order, whereby a party may request the return of inadvertently produced privileged information without waiving any privilege thereof, may be beneficial to the parties and will work with each other to include such an agreement in the aforementioned stipulated protective order.

Respectfully submitted,


_____/s/_____

STEFAN SHAIBANI
D.C. Bar No. 490024
Litigation Associates, PLLC
1150 Connecticut Avenue, NW, Suite 900
Washington, DC 20036
Tel: (202) 862-4335
Fax: (202) 828-4130

*Attorneys for Plaintiff*

_____

JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


_____

RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____

BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*


April 30, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN STARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-0058 (RMC) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>SCHEDULING ORDER</u>

The Court, having received and reviewed the parties' Joint Report to the Court, filed pursuant to Local Civil Rule 16.3, and having conferred with the parties hereby orders as follows:

1.)     The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 30 days of the entry of this Order.

2.)     Discovery shall commence upon entry of this Order and continue for a period of seven months.

3.)     Plaintiff and defendant shall conduct discovery according to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure; however, the parties may jointly agree to exceed the foregoing limits without the need to seek permission from the Court.

4.)     Plaintiff shall provide Defendant disclosures required by Fed. R. Civ. P. 26(a)(2)(B) within 120 days of the entry of this Order, and Defendant shall provide Plaintiff its disclosures pursuant to such rule within 60 days thereafter.

5.)     Motions for summary judgment, if any, shall be filed within 45 days after the close of discovery; the responding party shall have 21 days to file an Opposition; and 14 days

shall be allowed for any Reply.

SIGNED:


Date: _____                    _____
                                             ROSEMARY M. COLLYER
                                             United States District Judge